IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SIKANDER AHMED,<br><br>    Plaintiff,<br><br>v.<br><br>HIGHWAY FREIGHT SYSTEMS, INC.,<br><br>    Defendant. | CIVIL ACTION<br>NO. 13-3250 |

**MEMORANDUM OPINION**

**Schmehl, J.**                                                                                                    **November 18, 2014**

## I.    INTRODUCTION

Plaintiff, Sikander Ahmed, ("Ahmed") brought this suit against Defendant, Highway Freight Systems, Inc., ("Highway Freight") alleging that Ahmed provided driving services on behalf of Highway Freight, a trucking company. Ahmed contends that Highway Freight violated the Fair Labor Standards Act ("FLSA"), the Pennsylvania Minimum Wage Act ("PMWA") and the Wage Payment Collection Law ("WPCL") by failing to properly pay him straight time and overtime wages. Before the Court is the Motion for Summary Judgment of Defendant, Highway Freight, Inc. (Docket No. 28) Plaintiff has opposed the motion by filing a document entitled "Memorandum in Support of Verified Complaint and Disciplinary Responsibility of Involved Parties and Plaintiff's Brief to Dismissed Defendant's Request for Summary Judgment Against Plaintiff." (Docket No. 30.) For the following reasons, Defendants' motion is granted and this matter is dismissed.

## II.    LEGAL STANDARD

Summary judgment should be granted if the record, including pleadings,

depositions, affidavits, and answers to interrogatories demonstrate "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. Proc. 56(c).  In making that determination, the "evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor."  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).  A fact is "material" if it might affect the outcome of the suit under the governing law and "genuine" if a reasonable jury could find for the nonmoving party based on the evidence presented on that issue. Anderson, 477 U.S. at 251-52.

### III.     FACTUAL BACKGROUND

Although Ahmed's Complaint in this matter alleges that he was hired by and began working for Highway Freight in March 2012 (Compl, ¶ 6), an affidavit submitted by Satreevan Singh, President of Highway Freight, reveals the following:  On April 10, 2012, Highway Freight entered into a Master Lease Agreement with Kuljit Singh ("Singh") for Singh's 2003 T600 Kenworth truck. (Docket No. 29, Exs. 1 and 2.) The Master Lease Agreement provides that Singh as the lessee would provide a truck and driver for transporting property in return for a per load fee. (See Ex. 2.) Pursuant to this Master Lease Agreement, Ahmed was to be the driver. (Id.) Highway Freight delivers cargo via tractor trailers throughout states within the United States. (See Ex. 1.)

According to Ahmed's Drivers Logs, he drove Singh's truck for Highway Freight from April 10, 2012 through November 23, 2012. (See Exs. 2 and 3.) A review of the daily Drivers Logs shows that from April 10, 2012 to November 23, 2012, Plaintiff had 1,281.75 driving hours and 127.75 on duty hours, for a total work time of 1,409.50 hours. (Ex. 3.) A review of copies of the checks paid to Ahmed shows that he received

$27,861.02 in compensation for the time period of April 10, 2012 through November 23, 2012. (See Exs. 1 and 4.)

## IV. DISCUSSION

Count I of Ahmed's Complaint sets forth a claim against Highway Freight for its alleged failure to pay straight time and overtime wages pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*. (Compl., ¶¶ 26-30.) In Count II, Ahmed presents a claim against Highway Freight for violations of the Pennsylvania Minimum Wage Act, 43 P.S. § 333.01 et seq, due to Highway Freight's alleged failure to pay straight time and overtime wages. (Compl, ¶¶ 31-35.) Count III of Ahmed's Complaint alleges Highway Freight violated the Pennsylvania Wage Payment and Collection Law, 43 P.S. ¶¶ 36-40, by failing to pay straight time and overtime. Highway Freight argues that Ahmed's claims are insufficient under the FLSA, the PMWA and the WPCL because his claim for overtime is barred by the motor carrier exemption to the FLSA and Ahmed's failure to allege a contractual obligation to pay overtime as required by the WPCL. Further, Highway Freight argues that Ahmed's claims for straight pay must also fail because the compensation he actually received from Highway Freight was greater than minimum wage for every hour that he worked.[1]

### A. OVERTIME CLAIMS

The FLSA was enacted to "protect covered workers from substandard wages and

---

[1] There is some dispute as to whether Ahmed was an employee of Highway Freight or an independent contractor. The Complaint alleges that he was an employee of Highway Freight for purposes of FLSA, PMWA and WPCL. (See Compl., ¶ 7.) However, according to the affidavit of the President of Highway Freight, Highway Freight entered into a Lease Agreement with Kuljit Singh for Singh's truck, and the Lease Agreement provided that Ahmed was to be the driver of this truck. If Ahmed is in fact an independent contractor and not an employee, he cannot recover under the FLSA, PMWA or WPCL, as those acts are limited to employees. Therefore, for purposes of this motion, I will give Ahmed the benefit of the doubt, assume that he is an employee of Highway Freight and analyze his entitlement to recovery under the FLSA, PMWA and WPCL.

oppressive working hours." <u>Friedrich v U.S. Computer Servs.</u>, 974 F.2d 409. 412 (3d Cir. 1992) citing <u>Barrentine v. Arkansas-Best Freight Sys., Inc.</u>, 450 U.S. 728, 739 (1981). The FLSA provides that:

> Except as otherwise provided in this section, no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed.

29 U.S.C. § 207(a)(1). Therefore, employers covered by the FLSA must pay overtime to employees who work for more than forty hours a week "unless one or another of certain exemptions applies." <u>Packard v. Pittsburgh Transp. Cp.</u>, 418 F.3d 246, 250 (3d Cir. 2005).

Similarly, the PMWA provides that employees shall receive overtime wages of "not less than one and a half times" their regular wage for any hours worked after forty in a work week. 43 P.S. § 333.104(c). Pennsylvania courts have looked to federal law regarding the FLSA when addressing the PMWA. <u>Baum v. Astrazeneca LP</u>, 372 F.App'x 246, 248, n. 4 (3d Cir. 2010) (citing <u>Commonwealth of Pa. Dept. of Labor and Indus., Bureau of Labor Law Compliance v. Stuber</u>, 822 A.2d 870, 873 (Pa. Commw. 2003), aff'd, 580 Pa. 66, 859 A.2d 1253 (2004)). It has been found that "it is proper to give deference to federal interpretation of a federal statute when the state statute substantially parallels it." <u>Id.</u>

In this matter, Highway Freight relies upon the "motor carrier exemption" to support its position that it does not owe Ahmed overtime pursuant to the FLSA and the PMWA. The motor carrier exemption applies to "any employees to whom the Secretary of Transportation has power to establish qualifications and maximum hours of service

4

pursuant to the provisions of section 32502 of Title 49." 29 U.S.C. § 213(b)(1). The motor carrier exemption in the PMWA is nearly identical to that contained in the FLSA. 43 P.S. § 333.105(b)(7).[2]

The "fundamental test" for determining whether the Secretary of Transportation has jurisdiction to regulate a motor carrier employee is if "the employee's activities affect safety of operation." Levinson v. Spector Motor Serv., 330 U.S. 649, 671 (1947). "If this test is satisfied, the Secretary may regulate an employee's qualifications and maximum hours of service . . . When an employee falls under the jurisdiction of the Secretary of Transportation, and is thus subject to the exemption, the Secretary of Labor is prohibited from enforcing the Fair Labor Standards Act's overtime requirements as to that employee." Mayan v. Rydbom Exp., Inc., No. 07-2658, 2009 WL 3152136 (E.D. Pa. Sept. 30, 2009) (Stengel, J.). The duties of drivers affect safety of operation. Id., citing Levinson, 330 U.S. at 664–65. In addition, the Motor Carrier Act exemption only exempts employees from the FLSA who operate a "commercial motor vehicle," which is defined as a vehicle that "has a [GVWR] or gross vehicle weight of at least 10,001 pounds, whichever is greater." McCall v. Disabled Am. Veterans, 723 F.3d 962, 964 (8th Cir. 2013), quoting 49 U.S.C. § 31132(1)(A).

Here, a review of Ahmed's daily Driver Logs shows that he worked as a driver for Highway Freight, a motor carrier, transporting cargo out of Pennsylvania and into other states almost daily. (See Ex. 3.) Further, Ahmed drove a vehicle that weighed more than

---

[2] The exemption of an employee from the hours provision of the FLSA under section 13(b)(1) also depends upon the class to which his employer belongs, as the employer must qualify as a "motor carrier." 29 C.F.R. § 782.2. The Motor Carrier Act defines a "motor carrier" as a "person providing motor vehicle transportation for compensation." 49 U.S.C. § 13102(14). Highway Freight is a motor carrier, as it provides tractor-trailer cargo related services for clients and makes trips between states within the U.S. (See Ex. 1.)

10,000 pounds, (See Ex. 1) and as a driver, his duties affected the safety of operation. Therefore, the motor carrier exemption for the FLSA applies to Ahmed and he is not entitled to receive overtime for the hours that he drove for Highway Freight. There is no genuine issue of material fact to be decided by a finder of fact regarding Ahmed's overtime claim. Accordingly, Highway Freight is entitled to summary judgment on Ahmed's overtime claim under both the FLSA and PMWA, as the PMWA is applied the same way as the FLSA with respect to overtime claims. See Mayan, 2009 WL 3152136.

Ahmed also seeks payment of overtime under the Pennsylvania Wage Payment and Collection Law. The WPCL "does not create a right to compensation…[r]ather, it provides a statutory remedy when the employer breaches a contractual obligation to pay earned wages. The contract between the parties governs in determining whether specific wages are earned." DeAsencio v. Tyson Foods, Inc., 342 F.3d 301, 209 (3d Cir. 2003). Ahmed does not allege that Highway Freight was contractually obligated to pay him overtime, and as discussed above, he is clearly ineligible to receive overtime. Accordingly, there is no genuine issue of material fact as to Ahmed's overtime claim under the WPCL and it is therefore dismissed. See Drummond v. Herr Foods, Inc., 2014 WL 80729 (E.D. Pa. 2014) (Schiller, J.) (holding that a plaintiff must establish a contractual obligation to compensation to state a claim under the WPCL).

B. **STRAIGHT TIME CLAIMS**

A review of Ahmed's Complaint shows that he is also claiming an entitlement to straight time for the hours he worked over forty hours per week under the FLSA, the PMWA and the WPCL. Ahmed's Complaint alleges that he was to receive thirty-six cents per mile while loaded and thirty cents per mile while unloaded, and that he was not

be paid according to an hourly rate of pay or to be paid overtime compensation for the hours for which he worked. (Compl., ¶¶ 17-18.) Ahmed does not appear to be claiming that he did not receive the contracted-for mileage rates of pay. Rather, it seems Ahmed is claiming that he was not paid at least minimum wage for hours that he worked over forty hours per week.

A review of Ahmed's Daily Drivers Logs shows that he had 1,281.75 driving hours and 127.75 on duty hours while driving for Highway Freight from April to November of 2012, for total work time of 1,409.50 hours. (See Ex. 3.) For the time he drove for Highway Freight, Ahmed received $27,861.02 in total compensation. (See Exs. 1 and 4.) When Ahmed's total dollars paid is divided by the total hours he worked, his compensation rate is $19.77 per hour. (Ex. 1.) Courts have found that the FLSA requires only that the amount an employee is paid for a given week be equal to or greater than the number of hours the employee worked times the statutory minimum wage. Badgett v. Rent-Way, Inc., 350 F.Supp.2d 643, 658 (W.D. Pa. 2004). The current minimum wage is $7.25 per hour. 29 U.S.C. §206(a)(1)(C). Ahmed's rate of pay while driving for Highway Freight, $19.77 per hour, is clearly well above the current minimum wage. In other words, the law required Highway Freight to pay Ahmed at least $10,218.88 for the 1,409.50 hours he worked. By paying Ahmed $27,861.02 for those hours, Highway Freight clearly met all minimum wage requirements and Ahmed was properly compensated for all hours that he worked for Highway Freight. Therefore, there is no genuine issue of material fact that Ahmed's claim for straight time pursuant to the FLSA must fail, as all hours that he worked over and above forty hours per week were properly compensated by Highway Freight.

Ahmed's claim for straight time under the PMWA also must fail. The regulations issued under the PMWA allow for the payment of wages in various ways in addition to payment by the hour. The Pennsylvania Code states that "[t]he minimum wage shall be paid for hours worked, regardless of the frequency of payment and regardless of whether the wage is paid on an hourly, salaried, commissioned, piece rate, or any other basis." 34 Pa. Code § 231(b). This regulation makes it clear that individuals such as Ahmed may be paid in non-traditional fashion. Performing a similar calculation to the one performed under the FLSA to determine if Ahmed received sufficient payment for all hours worked shows that Ahmed was properly compensated at $19.77 per hour, as he made more than minimum wage for all 1,409.50 hours worked.[3] Therefore, there is no straight time violation under the PMWA and Ahmed's claim for straight time under this act must be dismissed.

Lastly, Ahmed made no claim for straight time based upon a breach of contract, which is necessary to succeed on a WPCL claim, as discussed above. Therefore, Ahmed's WPCL straight time claim must also fail.[4] See Drummond, 2014 WL WL 80729.

---

[3] Minimum wage in Pennsylvania is set at the same minimum wage that is contained in the FLSA. 43 Pa.C.S.A. § 333.104(a.1).

[4] In his response to Defendant's Motion for Summary Judgment, Ahmed alleges that his signature was forged on the Master Lease Agreement entered into between Highway Freight and Singh. (Ex. 2.) This Master Lease Agreement lists Ahmed as the driver, and contains a signature line for him in that capacity. The Master Lease Agreement is executed by someone purporting to be Sikander Ahmed. (See Ex. 2.) I find Ahmed's unproven allegation of forgery to be irrelevant to the analysis of whether Highway Freight is entitled to summary judgment on Ahmed's claims under the FLSA, PMWA and WPCL. It is undisputed that Ahmed drove for Highway Freight from April to November of 2012, whether his signature is contained on the Master Lease Agreement or not. It is also undisputed that he received appropriate compensation from Highway Freight for those driving services. Therefore, the legitimacy of Ahmed's signature on a contract entered into by Highway Freight and Singh is not relevant to the instant analysis.

## V.      CONCLUSION

For the reasons set forth above, Defendant's Motion for Summary Judgment is granted and this matter is dismissed with prejudice. An appropriate order follows.